UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:15-CR-042 |
| | ) |
| JULIE ANN SHELTON | ) |

## MEMORANDUM AND ORDER

The defendant pled guilty to conspiring to distribute and possess with the intent to distribute a-PVP, otherwise known as "gravel," from January 2012 through December 2014. She will be sentenced on November 17, 2015.

The United States Probation Office has prepared and disclosed a Presentence Investigation Report ("PSR") [doc. 43], to which the defendant has filed an objection. The defendant objects to the assignment of criminal history points for the state court conviction found at paragraph 39 of the PSR, arguing that the state conviction was for conduct which was part of the instant federal offense. For the reasons that follow, the defendant's objection will be overruled.

At paragraph 39, the defendant is assigned one criminal history point for an April 21, 2014 sentence imposed by the Greene County General Sessions Court. The defendant was sentenced to terms of imprisonment of 11 months and 29 days on Count One (simple possession of bath salts) and Count Two (possession of drug paraphernalia), with all but ten and four days, respectively, suspended to probation. The PSR assigns a criminal history point solely on the basis of the Count Two conviction. Also, at

paragraph 42 of the PSR, the defendant received two additional criminal history points for continuing her commission of the federal offense while under the Greene County probationary sentence.

The defendant was arrested on the state charges on March 19, 2014. She correctly notes that the facts of that case are included in the factual basis of her federal plea agreement and in the "Offense Conduct" section of her PSR. The defendant was arrested in a motel room in possession of less than two grams of a-PVP (referred to in the affidavit of complaint as "what appeared to [be] bath salts") and a "large amount of drug paraphernalia used to smoke bath salts."

In material part, prior sentences counted in the federal criminal history computation are those involving "conduct not part of the instant offense." *See* U.S. Sentencing Guidelines Manual § 4A1.2(a)(1) (2015). "Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of §1B1.3 (Relevant Conduct)." *Id.* § 4A1.2 cmt. n.1. Relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant[.]" *Id.* § 1B1.3(a)(1)(A).

In this court the defendant has pled guilty to *distributing* and possessing with the intent to *distribute* gravel. By contrast, in the Greene County case at paragraph 39 she was convicted on Count Two of possessing *paraphernalia* for drug *use*. These are two distinct crimes – drug distribution vs. possession of "a large amount of drug paraphernalia used to smoke bath salts." As such, the defendant's paraphernalia

possession was "conduct not part of the instant offense" and is properly counted in her criminal history computation.

For these reasons, the defendant's objection to her PSR is **OVERRULED**. Sentencing remains set for November 17, 2015, at 1:15 p.m. in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge